<hr />

ASBURY, Defendant in Errror, *vs.* McINTOSH, Plaintiff in Error.

1. A surviving partner cannot appeal from the judgment of a county or probate court, allowing a demand against the effects of a firm in the hands of the deceased partner's administrator under the administration law. (R. C. 1845.)

*Error to Jackson Circuit Court.*

This was a demand against the firm of J. W. & J. E. McIntosh, presented for allowance in the county court against the administrator of J. E. McIntosh, deceased, having in charge the effects of said firm.   The entry upon the record states that J. W. McIntosh, the surviving partner, (who was not the administrator,) appeared in court by his attorney and defended the demand, and the court found " that the late firm of J. W. & J. E. McIntosh is indebted to plaintiff in the sum of $725, which said sum is by the court here allowed against the firm, to be paid out of the partnership assets," &c.

The surviving partner appealed to the Circuit Court, where his appeal was dismissed, and he brings the case here by writ of error.

*J. W. Reid*, for plaintiff in error.   1. This was a proceeding under color of the administration law, and under an erroneous practice that has grown up in some of our county courts

of presenting demands for allowance, in form against the administrator of a deceased partner, but in fact against the partnership effects of the deceased and survivors. Now if the county courts have jurisdiction of such demands (which they have not by any provision of the administration law) then all parties interested have a right to come in and be made defendants ; for it is against a fundamental principle of law that the surviving partner should be concluded by a judgment against which he has had no opportunity to defend.

*W. Adams*, for defendant in error. A writ of error will not lie, at the suit of a surviving partner, upon a judgment against the administrator of the deceased partner. (R. C. 1845, tit. "Administration," art. 1, secs. 53 and 54. Art. 2, sec. 22. Art. 8, sec. 3.)

RYLAND, Judge, delivered the opinion of the court.

1. From the statement in this case, it will appear at once that the judgment of the Circuit Court, in dismissing the appeal taken by the present plaintiff in error from the judgment of the county court, presents the only matter for our consideration.

Asbury having a demand against the firm of J. W. & J. E. McIntosh, presented it for allowance against the administrator of the estate of J. E. McIntosh, deceased. The administrator had charge of the effects of the firm of J. W. & J. E. McIntosh, under the provisions of our statute concerning administration.

This statute requires the executor or administrator of the estate of a deceased member of a partnership to include in the inventory which he is required by law to return to the county court, the whole partnership estate, goods and chattels, rights and credits appraised at its value, as in other cases. The property thus appraised shall remain with or be delivered over, as the case may be, to the surviving partner, who may be disposed to undertake the management thereof, agreeably to the conditions of a bond which is required by law.

In case the surviving partner, having been duly cited for that

purpose, shall neglect or refuse to give the bond required, the executor or administrator on the estate of such deceased partner, shall give additional bond, and forthwith take the whole partnership estate, goods and chattels, rights and credits, into his possession, and shall be authorized to use the name of the survivor in collecting the debts due the late firm, if necessary; and shall, with the partnership property, pay the debts due from the late firm, with as much expedition as possible, and return or pay to the surviving partner his proportion of the excess, if there be any.

Under the provisions of this law concerning administration of estates, the administrator of the deceased member of the firm of J. W. & J. E. McIntosh, had the management and control of the effects of the firm : he could collect debts due the firm, and pay debts due by the firm.

This being a demand against the effects of the firm, which was allowed in the proper court having jurisdiction over the matter, no other person is allowed to interfere and make himself a party to this proceeding. The administrator, under proper bonds, conditioned as the law requires, is the one party, and the claimant the other. The surviving partner is not permitted to take part in the proceedings, as a party. He cannot appeal by swearing that he believes that he is aggrieved by the decision of the court.

In this case, the administrator, whose second bond is conditioned that he will faithfully execute that trust, and with no unnecessary waste or expense, may not feel at liberty to waste the estate in useless litigation, and consequently will not be willing to appeal, being satisfied with the judgment of the county court. Then no one else for him is permitted to appeal, nor is any one else permitted to sue out his writ of error. From the whole record in this case, we are satisfied that the Circuit Court acted legally in dismissing the appeal. Its judgment is therefore affirmed; Judge Scott concurring.